**Terry KLEIN, Derivatively on behalf of Sicor, Inc., Plaintiff–Appellant,**

v.

**Carlo SALVI, Rakepoll Finance, N.V., Karbona Industries, Ltd., Bio–Rakepoll, N.V., Sicor, Inc., and Michael J. Cannon, Defendants–Appellees.**

No. 04–1943–CV.

United States Court of Appeals, Second Circuit.

Dec. 17, 2004.

Paul D. Wexler, Bragar, Wexler, Eagel & Morgenstern, LLP, New York, N.Y. (Glen F. Ostrager, Ostrager Chong &

Flaherty, New York, N.Y.),[1] for Plaintiff–Appellant, of counsel.

Present: OAKES, KATZMANN, and WESLEY, Circuit Judges.

## SUMMARY ORDER

Plaintiff appeals the district court's award of attorneys' fees in this shareholder derivative action. Because the district court was permitted to use the lodestar method in calculating reasonable attorneys' fees, and because it correctly identified and carefully weighed the relevant factors and made no clearly erroneous factual findings, we see no abuse of discretion in its award of 145 percent of counsel's lodestar figure. *See Goldberger v. Integrated Res.*, 209 F.3d 43, 50 (2d Cir.2000); *Smolowe v. Delendo Corp.*, 136 F.2d 231, 241 (2d Cir.1943). The district court was not obligated to use the percentage method, nor are we aware of any authority supporting the application of the business judgment rule in this specific context. Furthermore, the district court's identification of counsel's possible inefficiencies (which may have led to an inflated lodestar) was entirely appropriate.

Accordingly, the judgment of the district court is AFFIRMED.